**ALEXANDER E. RAMOS #15234**
**LANGFORD | RAMOS, PLLC.**
43 East 400 South
Salt Lake City, Utah 84111
T. 801.328.4090
F. 801.364.3232
alex@langfordramos.com

*Attorney for Defendant*

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br>**v.**<br><br>**LATEESHA RICHARDS,**<br><br>**Defendant.** | **MOTION TO QUASH SEARCH WARRANT**<br><br><br>**Case No. 2:20-cr-182**<br>**Honorable Judge David Barlow** |

Defense counsel was provided with a copy of a warrant to search and seize a phone and clothing on September 22, 2020. Defense counsel was contacted by FBI Special Agent Jeffrey T. Wright on September 28, 2020. Defense counsel has been in communication with counsel for the government and Agent Wright and has arranged a time to provide these items. The warrant expires October 5, 2020.

After careful review of the affidavit and warrant, applicable caselaw, and defense counsel's zealous obligation to defend Ms. Richards, defense counsel moves to quash the warrant. Specifically, defense counsel moves to quash the search warrant of her personal cell phone and clothing based on lack of probable cause, immateriality to the crime charged, and overbreadth of the search warrant.

1

ARGUMENT

On September 21, 2020 a search warrant was issued for the personal cell phone and clothing of Lateesha Richards. As indicated in the affidavit for the warrant, the phone and clothing are currently in undersigned counsel's possession.

The affidavit accompanying the warrant states, in part, that the probable cause for the warrant is based on Ms. Richards's participation in a Black Lives Matter protest on May 20th, 2020 in Salt Lake City, Utah. Ms. Richards is charged with violating 18 U.S.C. § 844(i) in connection with State-owned property that was damaged during the protest – to wit, a Salt Lake City Police Department patrol car. The patrol car was overturned by protesters, looted, vandalized, and eventually burned. There is extensive video footage of these events from the hundreds of protesters who were in attendance. The footage is found on YouTube and other social media outlets. There is also extensive footage of this event available from news outlets and reporters who were also present at the protest. According to the government, more footage is being obtained.

*Phone Seizure*

The Supreme Court held in *Riley v. California*[1] that cell phone searches incident to arrest must be performed pursuant to a warrant. The Court in *Riley* reasoned that cell phones carry an enormous amount of personal data, and searches of such enormous amounts of personal data incident to arrest for low-level offenses

---

[1] Riley v. California, 134 S. Ct. 2473, 2495 (2014)

2

is a breach of privacy contrary to the 4th amendment, specifically the particularity requirement.[2] In *Riley,* the Court stressed the importance of impartial judges to limit police authority to invade privacy. Warrants for cell-phones need to be narrowly tailored to protect privacy rights. Post-*Riley* case law shows that search warrants of cell phones have been upheld when the cell phones were used in furtherance of the crime, contain evidence that is not available through any other source, or have been used in connection with drug trafficking. Courts have not upheld searches where the search warrant contains overbroad, catch-all language.[3] Courts have also declined to uphold warrants where the warrant does not state on its face what crime the search is being conducted to find evidence of.[4]

The search warrant issued for the cell phone of Ms. Richards alleges that the phone in question was used to take "selfies" with the police car, and was also used to communicate with other protesters who were present – specifically, co-defendant Latroi Newbins. Neither the "selfies" nor the communication with other protesters are elements or evidence needed to convict the Defendant under 18 § U.S.C. 844(i). There are no allegations in the charges against the Defendant that the phone was used in furtherance of the crime as charged. Also, there are no allegations that there is evidence on the phone that cannot be found through other sources or

---

[2] "No warrants shall issue...unless particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.
[3] United States v. Rosa, 626 F.3d 56, 62-64 (2d Cir. 2010).
[4] United States v. Galpin, 720 F.3d 436, 439-41 (2d Cir. 2013)

through non-narrowly tailored means. In fact, the government has submitted extensive videographic evidence in discovery and at multiple pre-trial hearings showing the events at the protest from multiple different angles and sources. The "selfies" taken by Defendant are even captured both via video camera and photo. In the affidavit for the search warrant itself, there is a photo of Defendant taking one of the aforementioned "selfies." It is not a disputed fact, nor is it a material fact to the charges that Defendant took multiple "selfies" the day of the protest. The affidavit also indicates that investigators "found evidence of indicted co-defendants using phone-based chats in the immediate days prior to May 30, 2020, during which they discussed the upcoming protest and furthermore outlined plans to turn the protest into a riot."[5] There is no evidence submitted by the prosecution that Ms. Richards was involved in these conversations with co-defendants. There are no facts on record that in the days prior to May 30th, 2020, Ms. Richards was a part of the conversations with co-defendants to attend the protest. The only fact that the affidavit lists is that call records the day of the protest show that a phone call and a text were made from the phone of co-defendant Newbins to Ms. Richards. The fact that this call and text occurred the day of the protest does not fit within the scope of the request for search to show that the Defendant was involved in "chats in the immediate days prior to May 30, 2020." In fact, the affidavit suggests that the text and call log is already in possession of the government. Additionally, any evidence

---

[5] *Affidavit in Support of an Application Under Rule 41 for a Warrant to Search and Seize,* p. 11-12

that can be found on the cell phone of Ms. Richards can be obtained through other sources currently in the evidentiary record, including videos taken from multiple angles of the actions of Ms. Richards, and Newbins's debrief (the government can also issue narrowly tailored subpoenas for those records without violating Ms. Richards's privacy rights).

The elements of the crime charged do not materially involve the content of Ms. Richards's cell phone. Both the conversations with co-defendant Newbins and the "selfies" are not in furtherance of the crime charged, nor are they materially relevant to proving the elements of arson. The warrant to search the contents of Ms. Richards's cell phone is overbroad and not material to the crime charged. The facts in the case show there is not sufficient probable cause to search the personal phone of Ms. Richards. As written, the search warrant grants the government a limitless search of Ms. Richards. Carte blanche. Of particular concern is that the phone contains confidential communication between Ms. Richards and defense counsel and that there are no parameters to prevent the invasion privacy.

*Clothing Seizure*

Defense counsel requests to quash the warrant for the clothing Ms. Richards wore to the protest on May 30th. The basis is staleness and lack of probable cause.

Probable cause is a totality-of-the-circumstances standard, based on the facts of each case taken as a whole. There must be some alleged facts linking the requested evidence to material facts of the charged crime. Here, there are no such

links. The affidavit requesting the clothing articulates no probable cause for requesting it. There are no allegations in the affidavit that any sort of evidence can be found from Ms. Richards's clothing – or that any alleged evidence that might be found could still be found (roughly four-months later). Also, there are no allegations or facts to indicate that Ms. Richards intended to destroy her clothing to get rid of evidence, nor that the crime is ongoing and the clothing is likely to be destroyed or hidden due to fear of detection.[6]

In *People v. Rehkopf*[7] the Court highlighted that the single most important factor in staleness cases is evidence of a continuing course of criminal conduct. There are absolutely no facts to support that Ms. Richards intended to continue any sort of criminal conduct outside of attending the May 30th protest. The affidavit also gives no reason or basis for requesting the clothing that Ms. Richards was wearing on the day in question as a way to link her to the crime. The facts at issue in this case do not deal with the identity of Ms. Richards. There are no allegations or factual indications that the Ms. Richards was attempting to conceal her identity by hiding or destroying the clothing she was wearing at the May 30th protest.

---

[6] See U.S. v. Dauphinee, 538 F.2d 1 (1st Cir. 1976), "hand grenades are not, to the best of our knowledge, in great demand even by the criminal element in our society; and they do not lend themselves to rapid disposition in the market place"); *see also* U.S. v. Rahn, 511 F.2d 290 (10th Cir. 1975) (defendant, an investigator for the Alcohol, Tobacco, and Firearms Bureau, realized "that in selling the guns he would be taking a real risk of detection"; in addition, the informant reported that defendant had said he believed the items would appreciate in value if maintained).

[7] People v. Rehkopf, 153 Ill. App. 3d 819, 106 Ill. Dec. 728, 506 N.E.2d 435 (2d Dist. 1987) 13-month delay; silencer parts; no evidence of a continuing course of criminal conduct: the single most important factor in staleness cases)

The alleged crime involves throwing an item onto the flames surrounding a police car. The remains of this *thrown* item were left at the scene of the crime. There has been no attempt by Ms. Richards to take, hide, or conceal this *thrown* item – the only item that would actually merit seizure. What Ms. Richards was wearing on the day of the protest is not material to the alleged crime, nor are there any facts articulated in the warrant to indicate that the crime was ongoing or that there was an attempt to hide or conceal evidence that may have been – or could theoretically still be on the clothing she was wearing that day.

The elements of the crime charged against Ms. Richards – arson – does not materially involve the clothing she was wearing that day. Rather, the only item that would be materially relevant to proving the elements of the statute is the item that Ms. Richards tossed onto the flames. That alone is the only thing that can be said to have been used in furtherance of the crime and subject to seizure.

## CONCLUSION

If the court will not grant this motion to quash on the basis of lack of probable cause, overbreadth, and immateriality to the crime charged based on the merits, then the Defense requests an evidentiary hearing for judicial review of the warrant.

DATED: 29 SEPTEMBER 2020

/s/ *ALEXANDER E. RAMOS*
LANGFORD | RAMOS, PLLC.
Attorney for Lateesha Richards

7