IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>vs.<br><br>LATEESHA RICHARDS,<br>           Defendant. | CASE NO: 2:20-CR-182 DBB<br><br>DETENTION ORDER |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A. Motion** of the Government attorney pursuant to **18 U.S.C. § 3142(f)(1)**, because defendant is charged with

☒ **(A)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment **or** death;

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (1) through (3) of this paragraph, or two or more

☐ **(E)** any felony that is not otherwise a crime of violence but involves:(a) a minor victim; (b) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (c) any other dangerous weapon; or (d) a failure to register under 18 U.S.C. § 2250;

**OR**

☐ **B. Motion** of the Government or Court's own motion pursuant to **18 U.S.C. § 3142(f)(2)**, because

☐ **(A)** defendant poses a serious risk of flight if released, or

☐ **(B)** defendant poses a serious risk of obstructing or attempting to obstruct justice if released;

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the crimes described in 18 U.S.C. § 3142(f)(1) which are listed in Part I A. above.

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
  **OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

(1) Nature and circumstances of the offense(s) charged in the present case:
    ☒ Subject to lengthy period of incarceration if convicted
    ☐ Subject to removal or deportation after serving any period of incarceration
    ☒ The crime is one identified as carrying a presumption of detention (as identified in Part II A. or B)
    ☐ The defendant attempted to evade law enforcement at the time of arrest
    Other:

(2) Weight of evidence against the defendant is relevant to the risk of danger posed because much of the conduct is captured in photos, which tends to show Ms. Richards engaged in conduct that put the community and specific members of the public at risk and that she did so intentionally and repeatedly.

(3) History and characteristics of defendant
    ☒ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☒ Prior violations of probation, parole, or supervised release
    ☒ History of violence or use of weapons
    ☐ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties
    ☐ Lack of significant community or family ties to this district
    ☐ Significant family or other ties outside the United States
    ☐ Lack of legal status in the United States
    ☒ Prior failure to appear in court as ordered
    ☐ Prior attempt(s) to evade law enforcement
    ☐ Use of alias(es) or false documents
    ☐ Background information unknown or unverified
    ☒ On probation, parole and/or release pending trial, sentence, appeal, or completion of sentence at the time of the alleged offense

(4) Nature and seriousness of danger posed by person's release:
    ☒ The defendant poses the following danger: danger to the community.
    ☒ The risk of that danger is: unmanageable, as detailed below.

OTHER REASONS OR FURTHER EXPLANATION:

Ms. Richards came before the court on a motion to reopen her detention hearing, based on a newly obtained psychological report. The government conceded this report was sufficient to meet the standards for reopening the hearing. After hearing argument from the parties, the court detains Ms. Richards. Unfortunately, the psychological report does not support a finding that Ms. Richards poses a manageable risk if released. The bottom line is that the report shows Ms. Richards is currently suffering from extreme emotional dysregulation due to her incarceration. However, it sheds no helpful light on her alleged conduct at the time of the offense. For instance, the report reflects at page thirteen that Ms. Richards suffered from no mental health symptoms at the time of the offense. And it reflects at page sixteen that at the time of the riot (where the alleged offenses occurred), Ms. Richards "was in a positive, stable place, free of mental health symptoms or significant psychosocial stressors." Put differently, the court cannot conclude from the report that the alleged offense was motivated by treatable mental-health symptoms. In fact, in some ways, the report creates cause for concern. It notes, for example, that "mild stressors may be sufficient to precipitate a major crisis" for Ms. Richards (page twelve), and that Ms. Richards "is quick to blame others, while perceiving herself as a victim" (page fifteen).

While the psychological report reflects Ms. Richards poses a low risk of future violence, the court has concerns about this conclusion. First, the report was based on an interview, not psychological testing. And the court is unpersuaded that psychological science is in a place where future violence can be predicted, especially on the basis of interviews alone. Second, the information the reporting psychologist relied upon appears to be incomplete. For instance, the description of Ms. Richards' previous domestic-violence incident in the report is incomplete and appears inconsistent with underlying records (it omits the apparently violent nature of the offense). Moreover, the psychologist appears to have relied upon incomplete information about the offense alleged here. She did not see any of the photographs or videos, or otherwise personally view the evidence before reaching her conclusions. This necessarily puts her conclusions in question; without complete information, a person cannot reach informed conclusions. Third, the psychologist's conclusion about the risk of danger posed by Ms. Richards appears tied to her conclusion that Ms. Richards' conduct was motivated by a mob mentality. But this is belied by the evidence, at least in part. For example, the government presented evidence of a social media posting by Ms. Richards the day after the riot—when she was no longer in a "mob"—wherein Ms. Richards spoke pridefully of her actions the day before. Finally, this conclusion about Ms. Richards' risk of violence is questionable where Ms. Richards, at the time of the alleged offense, was suffering from no mental-health symptoms and was in a positive, stable place—yet, she still allegedly engaged in violent behavior. If Ms. Richards' history shows an engagement in violent behavior when stable and well, the court questions the conclusion that she poses a low risk of violence.

As noted at Ms. Richards' previous detention hearings, the behavior Ms. Richards is alleged to have engaged in created a great risk to the community. She is alleged to have thrown an item into a burning car to encourage the growth of a fire (then to have taken celebratory photos in front of it). She is alleged to have thrown a baseball bat with full force into a crowd of police officers. She is alleged to have thrown a brick through the window of a vehicle—in a crowded area, with people behind the car in the direction of her throw. And she is alleged to have damaged a vehicle with a screwdriver and a hatchet, while surrounded by a crowd. The government presented photographic evidence of each of these actions.

Ms. Richards' counsel suggested she could be released on conditions involving mental-health treatment. However, the psychological report indicated on page seventeen that Ms. Richards needs "intensive" mental-health

treatment. The treatment available through pretrial services in this district is not "intensive." It is standard, out-patient treatment. Ms. Richards' only plan for obtaining the intensive level of treatment indicated by the report was to obtain an evaluation from the University of Utah and to go from there. In other words, the court was not presented with the option of an established, intensive treatment program Ms. Richards had been accepted into for purposes of fulfilling this need. The sole proposal was for the court to release her to precisely the same circumstances she was in before this alleged offense—with the addition of whatever private treatment she seeks (which pretrial services is unable to enforce or adequately monitor) and home detention. This does not fulfill the need identified by the psychologist who authored the report.

It is worth noting that Ms. Richards has an extremely minor criminal history. The only thing that makes it noteworthy at all is the fact that Ms. Richards has one prior crime which is alleged to have involved violence. And Ms. Richards apparently failed to appear four different times to court hearings and failed to comply with court orders twice. But given how minor her history is, these numerous failures stand out, as does the fact that Ms. Richards was on probationary status in the state system at the time of the alleged offense in this case.

Working in favor of Ms. Richards' release, in addition to her minor criminal history, is that she appears to have a reasonable employment history and she has a job waiting for her upon release. She has some family support. She is in a loving and supportive relationship with her partner, and she helps care for her partner's kids. And she has a place to live. Unfortunately, none of this is enough to make the risks she poses of danger and nonappearance manageable.

Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated October 6, 2020

BY THE COURT:

_Daphne A. Oberg_

Magistrate Judge Daphne A. Oberg