ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
J. DREW YEATES, Assistant United States Attorney (#9811)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (#DC 994799)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:20-cr-182-DBB-2 |
| Plaintiff, | : | |
| vs. | : | SENTENCING MEMORANDUM AND OBJECTION TO |
| LATEESHA RICHARDS, | : | PRESENTENCE REPORT |
| Defendant. | : | |
| | | Judge David B. Barlow |

The United States, by and through the undersigned Assistant U.S. Attorney, hereby submits its sentencing memorandum urging the Court to impose sentence of imprisonment within the correctly calculated guideline range. The United States respectfully asserts that the appropriate guideline differs from that which was calculated by the U.S. Probation Office in the Presentence Investigation Report (hereinafter "PSR") (Dkt. No. 261). As such, the United States will set forth those differences to ensure that the Court correctly renders a guideline range after having considered all calculable factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

The correct calculation turns on whether an adjustment under Chapter Three of the U.S. Sentencing Guidelines is included. At present, the PSR does not include a victim-related enhancement under this Chapter. The United States urges the Court to find that an adjustment to increase the guidelines pursuant to Chapter Three is appropriate.

*Background*

On July 23, 2020, the Grand Jury indicted the Defendant for a violation of 18 U.S.C. § 844, Arson. Dkt. No. 52. On May 20, 2021, a Felony Information was filed against Defendant alleging a violation of 18 U.S.C. § 231(a)(1), Civil Disorder. Dkt. No. 219.  On June 11, 2021, the Defendant waived being charged by Indictment (Dkt. No. 238), pled guilty to count one of the Felony Information and signed a statement in advance of plea. Dkt. Nos. 237, 240. In the plea agreement, the defendant admitted that she participated in a civil disorder by participating in the burning of an overturned police patrol car and by throwing a baseball bat toward police officers. Dkt. No. 240, ¶ 11. Importantly, Defendant specifically admitted to participating in the burning of the overturned police car with the intent and purpose of obstructing, impeding, and interfering with law enforcement officers who were responding to the riots. *Id*.; see also PSR, ¶ 30.

There is no agreement between the parties as to how the court should sentence Defendant Richards.

The PSR was filed on July 9, 2021, wherein the defendant's Total Adjusted

2

Offense Level was calculated to be 16. Dkt. No. 261, PSR ¶ 49. This offense level was founded on a correctly-arrived-at Base Offense Level (PSR, ¶¶ 40-42) of 6. The PSR also correctly adds enhancements pursuant to U.S.S.G. §2B1.1(b)(2)(B) (Loss Amount (>$6,500)) and to U.S.S.G. §2B1.1(b)(15) (Reckless Risk of Serious Injury). PSR, ¶ 42. The PSR correctly adds a two-level enhancement pursuant to U.S.S.G. §2K1.4(a)(4).

### *United States' Objections to the Presentence Report*

The United States objects to the Presentence Report because the PSR omits the following Victim-Related offense level Adjustments made applicable pursuant to Chapter Three of the Guidelines. Specifically, paragraph 46 of the PSR fails to include one[1] of the following adjustments:

- U.S.S.G. §3A1.2(a), Official Victim - a three-level increase;
- U.S.S.G. §3A1.2(c)(1), Assault on Officer - a six-level increase.

As such, the PSR does not arrive at the correct adjusted offense level in paragraphs 49 and 53. The inclusion of one the Chapter Three adjustment increases to the offense level, however, would result in the correctly calculated guideline range. The PSR should be amended as follows:

- Paragraph 46 reflecting victim adjustments pursuant to *either* U.S.S.G §3A1.2(a), Official Victim (3 levels) *or* U.S.S.G. §3A1.2(c)(1), Assault on Officer (6 levels);

- Paragraph 49 reflecting the Adjusted Offense Level (Subtotal) of *either* **19** (applying Subsection (a)) *or* **22** (applying Subsection (c)(1));

- Paragraph 53 reflecting a Total Offense Level, after acceptance of responsibility,

---

[1] U.S.S.G. §3A1.2 sets forth three separate means of increasing an offense level and instructs that the greatest should apply.

of *either* **16** (applying Subsection (a)) *or* **19** (applying Subsection (c)(1)).
- Paragraph 88 reflecting an asserted correct guideline imprisonment range of *either* **27-33** months imprisonment (applying Subsection (a)) *or* **37-46** months imprisonment (applying Subsection (c)(1).

The United States will address each of the asserted Chapter Three Adjustments in turn.

*Official Victim – Section 3A1.2*

The PSR correctly notes that an enhancement pursuant to Chapter Three is a possibility. Where the United States and the PRS differ are the interpretation of Application Note 1 of Section 3A1.2, specifically the definition of "specified individuals."

   a. *Section 3A1.2 – Official Victim Enhancement Would be Appropriate*

The law enforcement officers who were impeded, obstructed, and interfered with by the Defendant are "specified individuals" for purposes of Section 3A1.2. The Defendant agreed to a factual recitation that specifically inculpated her for willfully and knowingly engaging in civil disorder with the intent and purpose of obstructing, impeding, and interfering with law enforcement *officers*. See PSR, ¶ 38. Furthermore, the Defendant admitted to throwing a baseball bat toward police officers. *Id*. It is significant that the Defendant did not admit to obstructing, impeding, and interfering with non-persons or with a government entity or organization. She admitted that her actions were intended to impact law enforcement officers.

Law enforcement officers – the very persons responding to the civil disorder in this

case – do not suddenly lose independent personhood and immediately assimilate into a collective simply because they are not specifically identified by name. In *United States v. Polk*, the Fifth Circuit held that a defendant need not know the names of intended victims to be subject to an enhancement under U.S.S.G. § 3A1.2. *United States v. Polk*, 118 F.3d 286, (5th Cir. 1997).

Section 3A1.2 read, in relevant part, "If (1) the victim was (A) a government officer or employee…and (2) the offense of conviction was motivated by such status, increase by 3 levels." U.S.S.G. §3A1.2(a). The Tenth Circuit has opined that the official victim enhancement of Section 3A1.2(a) requires the offense of conviction to be motivated by the status of an "official victim." *United States v. Blackwell*, 323 F.3d 1256 (10th Cir. 2003). In the present case, the Defendant has admitted that her conducted was motivated by the status of the victims because they were law enforcement officers.

### b. *Section 3A1.2(c)(1) – Official Victim Substantial Risk of Serious Bodily Injury*

Subsection 3A1.2 reads, in relevant part, "If, in a manner creating a substantial risk of serious bodily injury, the defendant… (1) knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense…" To have this enhancement apply, the United States would need to establish:

1) The Defendant created a substantial risk of serious bodily injury;
2) The Defendant knew that a person was law enforcement, or had reasonable

5

cause to believe the person was law enforcement;

3) The Defendant committed an assault.

In the present case, the Defendant has admitted to throwing a baseball bat at police officers. PSR ¶ 38. That admission satisfies the first two elements necessary for the enhancement to be imposed. Being hit by a thrown baseball bat surely constitutes a substantial risk of serious bodily injury. Whether an assault occurred is the only question this Court need assess. The Tenth Circuit has held that to establish an assault under Subsection (c)(1), the United States need demonstrate a Defendant acted with specific intent to put a law-enforcement officer in fear of serious bodily injury. *United States v. Gonzales* 931 F.3d 1219, 1224 (10th Cir. 2019). In the present matter, Defendant Richards admitted to throwing a baseball bat at law enforcement officers. This was done as officers were attempting to keep peace during a riot on the streets of Salt Lake City, during a time of heightened tensions and chaos. Whether the baseball bat Defendant threw hit an officer is not known. But the Court can infer from Defendant's actions in throwing the bat at law enforcement officers, she intended to put them in fear of serious bodily injury. Any reasonable person would have such a reaction to a baseball bat hurled at him.

### *Conclusion*

The United States recommends that this Court sentence the defendant a term of incarceration within the guidelines that will include one of the Official Victim

enhancements in U.S.S.G. §3A1.2. It is the position of the United States that because Subsection (c)(1) results in a higher enhancement than Subsection (a), and because the guideline requires the application of the greater enhancement, an enhancement of 6 levels is appropriate. As such, the United States requests a sentence 37-46 months' imprisonment be imposed. In the alternative, if the Court determines that Subsection (c)(1) does not apply, then an enhancement of 3 levels under Subsection (a) is warranted and would result in a requested sentence of 27-33 months imprisonment.

### *18 U.S.C. § 3553 Considerations*

The United States will more fully address each of the relevant factors set forth in Section 3553 at the time of sentencing. That said, considering the circumstances of the instant offense and Defendant's criminal history, the United States respectfully recommends that Defendant be sentenced within the applicable guideline range. Such a sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for recurring criminal behavior. A guideline sentence also provides adequate deterrence, both specific and general, and protects the public from further crimes by Defendant.

RESPECTFULLY SUBMITTED July 26, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

MICHAEL J. THORPE
Assistant United States Attorney