**ALEXANDER E. RAMOS #15234**
**LANGFORD | RAMOS, PLLC.**
43 East 400 South
Salt Lake City, Utah 84111
T. 801.328.4090
F. 801.364.3232
alex@langfordramos.com

---

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **OBJECTION TO ENHANCEMENTS** |
| **Plaintiff,** | |
| **v.** | |
| **LATEESHA RICHARDS,** | **Case No. 2:20-cr-00182** |
| **Defendant** | |

---

### OBJECTIONS AND REASONING

**USSG 2B1.1(b)(1)(A)**: Lateesha threw flame-retardant basketball shorts onto a patrol

vehicle that was already on fire and beyond repair. The reasonably foreseeable pecuniary loss of

her action cannot be shown to exceed $6,500.00. She was not involved in overturning the police

vehicle, she didn't set it on fire, she didn't break windows, she didn't steal anything from the

vehicle. The amount of loss attributed to her is less than $6,500.00. **The 2-level enhancement**

**for loss between $6,500.00 and $15,000.00 should <u>not</u> be applied.**

**USSG 2B1.1(b)(16)(A)**: Lateesha's conduct did not involve the conscious or reckless

risk of death or serious bodily injury. USSG 2A1.4 defines reckless as "a situation in which the defendant was aware of the risk created by [*her*] conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." There is no doubt that this risk was created by those who went to the protest with an agenda. To those who flipped over the patrol vehicle, took its contents, and by those who lit it on fire. But Lateesha's act of throwing a piece of flame retardant clothing onto an already burning flame does not meet the definition of reckless. **The 14 level enhancement for reckless risk should <u>not</u> be applied.**

<u>**CORRECTED OFFENSE LEVELS AND APPLICABLE GUIDELINE RANGE**</u>

Without the enhancements discussed above, the Base Offense Level should be **<u>8</u>** prior to any adjustments for Acceptance of Responsibility, and a Total Offense Level of **<u>6</u>** after those adjustments. With a criminal history category III, Lateehsa's corrected guideline imprisonment range would be **<u>2-8</u>**.

DATED this 26th day of July, 2021.

/s/ Alexander E. Ramos<br>Alexander E. Ramos<br>Attorney for Lateesha